UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL B. MILLER, | CASE NO. C18-5463RBL |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

THIS MATTER is before the Court on the following motions: Plaintiff Miller's Motion to Exclude late- and un-disclosed Expert Witnesses or opinions [Dkt. # 41] and Defendant's Motion for a reduction of the fee charged by Plaintiff's expert. [Dkt. # 43].

As to the latter, the fee is high, but the Court has only reduced a fee on one occasion, and that fee was much higher than the one at issue. The Court may re-visit the fee when and if it is evaluating costs. The Motion to Reduce is DENIED.

The expert disclosure date was July 5, and the Discovery cutoff was August 5. Miller claims that it fully disclosed its own expert witnesses and their opinions well before they were required to, and that in response the Defendant made only short, tentative disclosures that were apparently meant to be placeholders until they had a chance to examine the Plaintiff. Miller

claims he has offered such an examination "for months" before the deadline, but that the defendant failed to follow through. Miller claims the Defendants' experts hedged their opinions until the examination and until they obtained "raw data" from Miller's experts. Miller claims the Defendants have yet to disclose any meaningful expert opinions. He provides, for example, Dr. Bouldin's "Preliminary Independent Medical Report" [Dkt. # 48-3], which describes his qualifications, his understanding of the facts, and the medical records he reviewed. He does not provide substantive opinions, and he clearly anticipates providing a more thorough report, after his examination of Miller:

> More current medical records provided to me documenting his current state are limited and provide some possibly conflicting information on his current physical state. I therefore am scheduled to evaluate and examine MM in person on July 9, 2019 and with this can more assuredly opine on his current state and future prognosis which will be provided in the future as an amended medical report.

[Dkt. # 48-3 at 1]. Miller argues that the Rule 35 examination should have been scheduled in to allow for timely disclosure, and that it is unfair to permit the government to "sandbag" him and wait until (or beyond) the August 5 rebuttal expert disclosure (and discovery) deadline to finally provide any useful opinions.

The government argues that the parties agreed to Bouldin's July 9 Rule 35 exam for the convenience of both sides and that the delay in the exam produced no prejudice. It argues that Miller seeks an "advisory opinion" excluding expert opinions that Miller has not even identified ("Plaintiffs do not explain or identify which of Defendant's expert reports should be excluded under Rule 37 or why.")

Miller responds that he offered Rule 35 exams "at any time" starting in May, and argues the government scheduled Bouldin's exam for strategic purposes. He emphasizes that (as of a month ago) the government's neuropsychologist (Webb) had still not scheduled her own Rule 35

1  exam. He argues he is not seeking to exclude the opinions that were given; he is asking the Court

2  to exclude expert opinions that were not timely disclosed, consistent with the Civil Rules.

3      Rule 26 requires that parties disclose the identity of any expert witness they may use at

4  trial. Rule 26(a)(2)(B) explains that the disclosure must be accompanied by a "written report—

5  prepared and signed by the witness—if the witness is one retained or specially employed to

6  provide expert testimony in the case." The report must contain the following: "(i) a complete

7  statement of all opinions the witness will express and the basis and reasons for them; (ii) the

8  facts or data considered by the witness in forming them; (iii) any exhibits that will be used to

9  summarize or support them; (iv) the witness's qualifications, including a list of all publications

10 authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4

11 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the

12 compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

13     The parties are required to comply with court-imposed deadlines in making expert

14 disclosures. Rule 37(c)(1) provides that a party who fails to timely identify a witness or provide

15 information is barred from presenting the same at trial, *unless* the failure "was substantially

16 justified or is harmless." The burden is on the party facing sanctions to prove that either of these

17 excuses applies. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir.

18 2001). Trial courts have "particularly wide latitude" to issue sanctions under Rule 37(c)(1) when

19 a party fails to adhere to discovery requirements. *Id*. at 1106.

20     The Court does not agree that Miller seeks an advisory opinion. It is no answer to a

21 motion to exclude "all undisclosed opinions," to argue that the moving party has not sufficiently

22 identified the opinions it seeks to exclude. The Court agrees that the disclosure rules should not

23 permit a party to sandbag his opponent. It is not fair to allow the government to obtain plaintiff's

24

1 | experts opinions, to depose those experts, and to only then disclose the government's expert

2 | opinions, perhaps after the discovery cut-off.[1]

3 |      Miller has demonstrated that the government did not provide the expert disclosures

4 | required by the Rules. The result of that failure is "self-executing" under Rule 37(c)(1), absent a

5 | showing by the government that its delay was justified or harmless[2]. The Motion to Exclude

6 | [Dkt. # 41] is GRANTED, and expert opinions not timely disclosed are excluded, unless and

7 | until the government can meet its burden to establish why they should nevertheless be admitted.

8 |      IT IS SO ORDERED.

9 |      Dated this 19th day of September, 2019.

10

11 |                     Ronald B. Leighton

12 |                     United States District Judge

13

14

15

16

17

18

---

19 | [1] It is not clear from the record whether supplemental or rebuttal expert reports have been

20 | exchanged, whether expert depositions have occurred, or whether Miller's Rule 35 examinations are complete.

21 | [2] Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for disclosure. *Id.* (quoting Fed.R.Civ.P. 37 advisory committee's note (1993)). The

22 | only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless. Fed.R.Civ.P. 37(c)(1). *Goodman v. Staples The Office*

23 | *Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).

24