HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL B MILLER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. C18-5463RBL<br><br>ORDER ON MOTION FOR CLARIFICATION |

THIS MATTER is before the Court on Defendant United States' Motion for Clarification [Dkt. # 57] of the Court's Order [Dkt. # 51] on Plaintiff Miller's Motion to Exclude undisclosed expert testimony [Dkt. # 41]. The underlying motion pre-dated the discovery cut-off, and the Court's Order pre-dated the Order changing the trial date.

The Government argues, as it did in response to Miller's motion, that its initial (July 5) and rebuttal (August 5) expert disclosures were timely and sufficient. It is concerned that the Court's Order resulted in the exclusion of all its experts, which was not the intent (of either the motion of the Order). Rather, Miller sought, and the Court ordered, the exclusion of expert opinion testimony that was not timely disclosed.

Miller's response to the Government's motion demonstrates (as did his own motion) that the Government waited until the very end of discovery to conduct the long-offered Rule 35 examination of MM. Indeed, the Government did so only after it had deposed at least some of Miller's experts. The initial defense expert reports are, as Miller argues, filled with qualifiers like "tentative," "preliminary," and "premature," and each references the need for revision once the underlying facts are complete.

Life-care planner **Lewis** bases her own "preliminary" opinions on the preliminary, pre-examination of other defense experts. She expressly claims that her ultimate opinions will depend on the results of the investigations of others. Miller claims Lewis never supplemented her opinions, even after MM's July 9 examination. Another defense expert, Dr. **Bouldin**, performed that examination after his initial report, and then filed a rebuttal report on the last day of discovery. Miller claims he thus had no meaningful opportunity to depose Bouldin. The Government's economist, **Knowles,** was not initially disclosed, and prepared only a "rebuttal" report. Miller claims that the need for economist was clear from the start and that Knowles' "rebuttal" report is only partially aimed at rebutting Miller's expert's testimony. And Miller claims that Dr. **Thompson's** opinions are similarly tentative, even though she had Miller's experts opinions (and depositions) prior to disclosing her not-yet-fully-formed opinion.

Miller reiterates authority holding that a party who fails without substantial justification to timely disclose its experts' opinions and the bases for them shall not be permitted use that evidence at trial, absent a showing that the failure was substantially justified or was harmless. Fed. R. Civ. P. 37(c)(1).

The Government argues that its initial expert disclosures were timely and sufficient, and that supplementation after a timely-requested Rule 35 examination is routine and within the

rules. *Citing Bridgeham-Morrison v. National General Assurance Co.*, No. C15-0927RAJ 2016 WL 231284 (W.D. Wash. Jan 19, 2016). It points out that Miller has deposed[1] none of its expert and that it remains willing to permit such discovery even now. Miller accurately claims that discovery is closed, and he should not be forced to depose an expert after the cutoff to learn information that should have already been disclosed. It is not necessarily an answer to a claim that one's expert reports are incomplete to say well, you can just depose him. The two are not alternatives.

      Miller's motion to exclude did not seek the exclusion of specific testimony. The Government's response—that Miller sought an "advisory opinion"—initially struck a chord. But the Federal Rules wisely and fairly place on the proponent of expert testimony the obligation to disclose her expert, his qualifications, his opinions, and the bases for those opinions. The Rules reflect and impose a sense of fairness: if a proponent does not meet her obligation, she must demonstrate why the expert evidence she failed to fully disclose should nevertheless be admitted. The Court's Order therefore did not attempt to parse which expert's disclosure matched what opinion he would ultimately offer at trial. Like the Rules and the cases construing them, the Court ordered that opinions not timely or properly disclosed would not be admitted at trial, absent an affirmative showing that the testimony should nevertheless be admitted.

      The Government's motion asks the Court to articulate which of its potential witnesses' testimony is excluded. The answer is that opinions which were not fairly disclosed will not be admitted, absent the requisite showing. The burden of identifying and resolving this issue is not on Miller, or the Court.

---

[1] As Miller points out, the Government would not allow Miller an eleventh deposition without a court order.

It seems plain that Government expert Lewis did not finalize her opinion, whether or not Miller chose to depose her. The need for an opinion like economist Knowles' "rebuttal" opinion was obvious from the start, and those portions of his proffered testimony that do not actually rebut Miller's economist expert's opinion are, at this point, excluded. If the Government intends to have Dr. Thompson opine on something new, dramatically different than, or inconsistent with her preliminary opinions, it should seek to make the requisite showing prior to trial.

Dr. Bouldin is a different case, because the Government's arguments about the need and right to supplement after an examination are correct. In light of the continuance, Miller should take the opportunity to depose Bouldin, notwithstanding the discovery cutoff. Most of the prejudice from deviating from a well-planned trial preparation schedule can be and should be avoided.

The discovery process should be fair, and it should be proportional. No court likes discovery disputes, and at least this Court is reluctant to exclude expert or other testimony unless its proponent has tried to evade its discovery obligations to obtain an advantage. A case should be tried fairly, on its merits. The Court does not punish foot faults and it does not reward sharp practice.

If and to the extent this Order clarifies the Court's prior one, the Motion for Clarification is GRANTED.

IT IS SO ORDERED.

Dated this 6th day of December, 2019.

Ronald B. Leighton
United States District Judge